FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2010 OCT 28 AM 10: 24
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| TEYON MALIK HERRING, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> ) | CASE NOS. CV508-025 <br> CR504-011 |

## O R D E R

Before the Court is the Magistrate Judge's Report and Recommendation (Doc. 17), to which objections have been filed (Doc. 19). In the Report and Recommendation, the Magistrate Judge recommends that Petitioner's 28 U.S.C. § 2255 petition be dismissed. For the following reasons, the Report and Recommendation is **ADOPTED IN PART** and **REJECTED IN PART**. Because the Magistrate Judge failed to properly assess Petitioner's claim that his trial counsel was ineffective with respect to Petitioner's decision to plead guilty, the Court **DECLINES TO ADOPT** that portion of the Report and Recommendation. After a careful de novo review of the record, the remainder of the Report and Recommendation is **ADOPTED** as the opinion of the Court. This case is again **REFERRED** to the Magistrate Judge for a

determination of whether Petitioner's counsel was ineffective when advising Petitioner concerning a guilty plea and, if so, whether that ineffectiveness caused Petitioner to plead guilty.

## BACKGROUND

On May 20, 2004, Petitioner was indicted by a federal grand jury for one count of possessing, with the intent to distribute, twelve kilograms of cocaine. (CR504-011, Doc. 5.) After Petitioner retained counsel, he entered a guilty plea on November 23, 2004. (Id., Doc. 28.) However, Petitioner retained new counsel following the entry of his guilty plea (id., Docs. 31, 32, 39, 41) and subsequently filed a Motion to Withdraw Guilty Plea on September 26, 2005 (id., Doc. 44). After holding an evidentiary hearing, the Court denied Petitioner's motion (id., Doc. 50) and sentenced him to a term of imprisonment of 121 months (id., Doc. 52). Following appeal, the Eleventh Circuit affirmed this Court's denial of Petitioner's Motion to Withdraw Guilty Plea. United States v. Herring, 216 Fed. App'x 927, 928-29 (11th Cir. 2007) (unpublished).

On April 7, 2008, Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2255. (Doc. 1.) The petition raised several grounds for habeas relief: (1) ineffectiveness of trial counsel relating to Petitioner's decision to plead guilty, (2) ineffectiveness of trial counsel based on counsel's failure to effectively suppress evidence under the Fourth Amendment, and (3) ineffectiveness of appellate counsel for failure to raise issues on appeal relating to Petitioner's guilty plea. (Id. at 4-9.) After reviewing the petition, the Magistrate Judge recommended that the petition be denied.[1] (Doc. 17.) The Magistrate Judge concluded that Petitioner was barred from raising a claim for ineffective assistance of counsel with respect to the guilty plea because that issue was raised and disposed of on direct appeal. (Id. at 2-3.) In addition, the Magistrate Judge determined that Petitioner had procedurally defaulted his claims that some of the evidence used against him at trial was subject to suppression. (Id. at 4-12.) With respect to these claims,

---

[1] The Magistrate Judge did not hold an evidentiary hearing. Rather, the Magistrate Judge relied on the testimony elicited during Petitioner's sentencing hearings (CR504-011, Docs. 55, 57) and hearing on the Motion to Withdraw Guilty Plea (id., Doc. 56).

3

the Magistrate Judge also found that Petitioner had failed to establish ineffectiveness on the part of trial counsel that would excuse the default. (Id. at 6-12.) Finally, the Magistrate Judge found Petitioner's remaining six claims[2] to be without merit. (Id. at 13-19.)

Petitioner's lengthy objections center on one theme—that trial counsel's ineffectiveness led him to plead guilty. (See Doc. 19 ¶¶ 9-11, 64, 67-68, 75, 86, 88, 104, 112.) Those portions of Petitioner's objections that do not directly allege that his counsel's ineffectiveness caused him to plead guilty detail Petitioner's arguments concerning how his trial counsel was ineffective.

## ANALYSIS

It is clear that the two-part test outlined in Strickland v. Washington, 466 U.S. 668 (1984), applies when a petitioner alleges that his decision to plead guilty was

---

[2] The claims were general allegations of trial counsel's ineffectiveness: (1) failure to communicate information to a probation officer, (2) not being licensed to practice law in Georgia and appearing pro hac vice in Petitioner's criminal case, (3) the alleged sealing of Petitioner's criminal file, (4) failure to properly advise Petitioner concerning the safety valve provisions of 18 U.S.C. § 3553(f), (5) failure to proceed with a motion to suppress in exchange for a cooperation provision in plea agreement, and (6) failure to prevent seizure of Petitioner's property. (Doc. 17 at 13-19.)

due to ineffectiveness on the part of his trial counsel. See Hill v. Lockhart, 474 U.S. 52, 58 (1985). Under this framework, a petitioner must first show "that counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. While the standard does not demand perfection, "counsel's advice 'must be within the realm of competence demanded of attorneys representing criminal defendants.'" Jones v. White, 992 F.2d 1548, 1557 (11th Cir. 1993) (quoting Stano v. Dugger, 921 F.2d 1125, 1141 (11th Cir. 1991) (en banc)). In the context of a guilty plea, counsel must be prepared to adequately advise the defendant on the range of available options. Id. This obligation requires "counsel 'to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.'" Id. (quoting Strickland, 466 U.S. at 691).

If a petitioner can show that his counsel was ineffective, he must then establish "that the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687. With respect to guilty pleas, a petitioner "'must show that there is a reasonable probability that, but for

5

counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Jones, 992 F.2d at 1557 (quoting Hill, 474 U.S. at 59). Therefore, the appropriate inquiry is not whether the outcome of a petitioner's trial would have been different if his counsel was effective. Rather, the Court must determine whether the alleged ineffectiveness of counsel, if true, impacted a petitioner's decision to plead guilty. Furthermore, this determination is not made by ascertaining if a petitioner would have ultimately prevailed on the specific issues forming the basis of the claim of ineffectiveness, "but instead on whether [a petitioner] would have pleaded guilty had counsel's performance not been deficient." Davidson v. United States, 138 Fed. App'x 238, 240 (11th Cir. 2005) (unpublished).

In reviewing the Magistrate Judge's Report and Recommendation, the Court concludes that the Magistrate Judge failed to properly assess Petitioner's claim that his trial counsel was ineffective with respect to Petitioner's decision to plead guilty. The Magistrate Judge declined to address the merits of Petitioner's argument, finding that

it had been raised and disposed of on direct appeal. (Doc. 17 at 3.) However, the Eleventh Circuit addressed the issue of whether the District Court abused its discretion in denying Petitioner's request to withdraw his guilty plea, not whether the decision to plead guilty was the result of ineffective assistance. See Herring, 216 Fed. App'x at 928-29. While the Eleventh Circuit did mention counsel's ineffectiveness when describing Petitioner's claim, there is no clear indication that it definitively concluded that Petitioner's counsel was effective. Id. Indeed, it would be the rare instance when the Eleventh Circuit would even entertain a claim of ineffective assistance of counsel on direct appeal. See, e.g., United States v. Verbitskaya, 406 F.3d 1324, 1337 (11th Cir. 2005) ("Except in the rare instance when the record is sufficiently developed, we will not address claims for ineffective assistance of counsel on direct appeal."); United States v. Butler, 41 F.3d 1434, 1437 n.1 (11th Cir. 1995) ("An ineffective assistance of counsel claim is properly raised in a collateral attack on the conviction under 28 U.S.C. § 2255 (1988)."). In addition, the

7

effectiveness of counsel is only one factor out of the totality of the circumstances surrounding a defendant's decision to plead guilty that district courts can consider when deciding whether a defendant should be allowed to withdraw a guilty plea. See United States v. Buckles, 843 F.2d 469, 472 (11th Cir. 1988) (listing factors to consider when defendant wishes to withdraw guilty plea). In the absence of a clear indication that the Eleventh Circuit adversely decided the issue of ineffective assistance on direct appeal, the Court will not bar Petitioner from raising that claim in his habeas petition. Accordingly, the Court **DECLINES TO ADOPT** those portions of the Magistrate Judge's Report and Recommendation concerning Petitioner's claim of ineffective assistance of counsel with respect to his decision to plead guilty.

## CONCLUSION

For the foregoing reasons, the Report and Recommendation of the Magistrate Judge is **ADOPTED IN PART** and **REJECTED IN PART**. The Court **DECLINES TO ADOPT** those portions of the Magistrate Judge's Report and Recommendation concerning Petitioner's claim of ineffective

assistance of counsel with respect to his decision to plead guilty. After a careful de novo review of the record, the remainder of the Report and Recommendation is **ADOPTED** as the opinion of the Court. This case is again **REFERRED** to the Magistrate Judge for a determination of whether Petitioner's counsel was ineffective when advising Petitioner concerning a guilty plea and, if so, whether that ineffectiveness caused Petitioner to plead guilty.

SO ORDERED this 28th day of October 2010.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA